Philip R. Forlenza
Michael J. Timmons
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
Fax: 212-336-2222
Email: mjtimmons@pbwt.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

E-SMART TECHNOLOGIES INC., IVI SMART
TECHNOLOGIES, INC. and BIOSENSOR LLC,

Plaintiffs,

-against-

THELEN REID BROWN RAYSMAN & STEINER LLP
and DAVID B. RITCHIE,

Defendants.

------------------------------------------------------------------ X

: 08 Civ. 5379 (NRB) (DFE)

: **ANSWER &**
: **COUNTERCLAIMS**

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants Thelen Reid Brown Raysman & Steiner LLP ("Thelen") and David B.

Ritchie ("Ritchie"), by their attorneys, Patterson Belknap Webb & Tyler LLP, for their answer to

the claims asserted in the Complaint of Plaintiffs e-Smart Technologies Inc. ("e-Smart"), IVI

Smart Technologies, Inc. ("IVI Smart") and Biosensor LLC ("Biosensor") (collectively,

"Plaintiffs") respond as follows:

1.      Defendants admit that Thelen Reid Brown Raysman & Steiner LLP ("Thelen") was formerly known as Thelen Reid & Priest LLP, and that David B. Ritchie ("Ritchie") is a partner of Thelen.  Defendants deny the remainder of the allegations contained in paragraph 1.

2.      Defendants deny the allegations contained in paragraph 2.

3.      Defendants deny the allegations contained in paragraph 3.

4.      Defendants admit that Thelen represented e-Smart and IVI Smart in the *e-Smart et al. v. Drizin et al.* action pending in the United States District Court for the Northern District of California, No. 06-5528, from December 2006 to January 2007 and that Thelen no longer represents any plaintiff in connection with that litigation.  Defendants deny the remainder of the allegations contained in paragraph 4.

5.      Defendants deny the allegations contained in paragraph 5.

6.      Defendants deny the allegations contained in paragraph 6.

7.      Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8.      Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9.      Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

10.     Defendants admit the allegations contained in paragraph 10.

11.     Defendants admit that Ritchie is a partner at Thelen and that he was the Client Manager for Thelen's representation of Plaintiffs.  Defendants deny the remainder of the allegations contained in paragraph 11.

1920838v.1

12.     Defendants admit that Plaintiffs have accurately quoted from portions of Thelen's website as it appeared on June 10, 2008 in paragraph 12. Defendants deny the remaining allegations contained in paragraph 12.

13.     Defendants admit that starting in January 2004, Plaintiff Biosensor engaged Thelen, in April 2004, Plaintiff e-Smart engaged Thelen and in August 2006, Plaintiff IVI Smart engaged Thelen. Defendants further admit that Ritchie was the Client Manager for Thelen's work for Plaintiffs, and that Plaintiffs were billed for the legal services that Thelen provided to Plaintiffs in accordance with Thelen's billing and payment policies. Defendants deny the remainder of the allegations contained in paragraph 13.

14.     Defendants deny the allegations contained in paragraph 14.

15.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 15. Defendants deny the remainder of the allegations contained in paragraph 15.

16.     Defendants deny the allegations contained in paragraph 16, except that Defendants admit that during the course of Thelen's representation of Plaintiffs, Thelen attorneys had privileged communications with Plaintiffs' representatives during which some confidential information was shared by Plaintiffs with Thelen attorneys.

17.     Defendants deny the allegations contained in paragraph 17.

18.     Defendants admit that Thelen provided legal services to e-Smart in early 2006 in connection with a so-called "letter of intent" referenced in paragraph 18. Defendants neither admit nor deny the legal conclusions alleged in paragraph 18, and otherwise deny the remainder of the allegations contained in paragraph 18.

19.     Defendants deny the allegations contained in paragraph 19.

1920838v.1

20.    Defendants deny the allegations contained in paragraph 20.

21.    Defendants deny knowledge or information sufficient to form a belief regarding the third sentence contained in paragraph 21.  Defendants deny the remainder of the allegations contained in paragraph 21.

22.    Defendants deny the allegations contained in paragraph 22.

23.    Defendants deny the allegations contained in paragraph 23.

24.    Defendants deny the allegations contained in paragraph 24.

25.    Defendants admit that a patent assignment was drafted by a Thelen associate in February 2006 at Saito's direction that assigned a PCT patent application from Arakawa to IVI Smart.  Defendants further admit that in May 2006, at the direction of Saito, the same Thelen associate prepared another assignment of the PCT application from Arakawa to ATEN. Defendants deny the remainder of the allegations contained in paragraph 25.

26.    Defendants deny the allegations contained in paragraph 26.

27.    Defendants admit that on or around July 12, 2006, Ritchie drafted a letter addressed to Saito, but which Ritchie never sent to Saito.  Defendants further admit that Plaintiffs have accurately quoted from certain portions of the draft letter, but that the draft letter does not mention a "reassignment" or the phrase "not proper" as Plaintiffs have alleged in paragraph 27.  Defendants deny the remainder of the allegations contained in paragraph 27.

28.    Defendants admit that Thelen provided Biosensor with legal services in connection an agreement with Johns Hopkins University.  Defendants deny the remainder of the allegations contained in paragraph 28.

29.    Defendants admit that in or about April 2006, a revised draft of the agreement referenced in paragraph 29 was circulated.  Defendants deny knowledge or information sufficient

4

to form a belief regarding whether the draft agreement contained confidential information developed by and for Plaintiffs.  Defendants deny the remainder of the allegations contained in paragraph 29.

30.     Thelen admits that on or about May 17, 2006, pursuant to instructions from e-Smart, a company called Polymerbio replaced Biosensor as the party to the agreement with Johns Hopkins University.  Defendants deny the remainder of the allegations contained in paragraph 30.

31.     Defendants admit that on May 1, 2006, Saito requested that Thelen work on a new patent application.  Defendants deny the remainder of the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32, except that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Gardiner.

33.     Defendants deny the allegations contained in paragraph 33.

34.     Defendants deny the allegations contained in paragraph 34, except that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Gardiner.

35.     Defendants deny the allegations contained in paragraph 35, except that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Gardiner.

36.     Defendants deny the allegations contained in paragraph 36 on the grounds that they are vague and ambiguous, except that to the extent the allegations refer to a June 20, 2006 e-mail from Masako Ando to Ritchie, Defendants refer to that e-mail, which speaks for itself.

37.     Defendants deny the allegations contained in paragraph 37.

1920838v.1

38.    Defendants deny the allegations contained in paragraph 38.

39.    Defendants deny the allegations contained in paragraph 39, except that Defendants admit they sought payment for various legal services and disbursements that Thelen performed or advanced on behalf of Biosensor, e-Smart and IVI Smart. Defendants further admits that on or around June 19, 2006 e-Smart wired $200,000 to Thelen.

40.    Defendants admit the allegations contained in paragraph 40 to the extent that e-Smart and IVI Smart sued Gardiner and others in the United States District Court for the Northern District of California and that a draft complaint was sent to Ritchie. Defendants deny the remainder of the allegations contained in paragraph 40.

41.    Defendants deny the allegations contained in paragraph 41.

42.    Defendants deny the allegations contained in paragraph 42.

43.    Defendants admit that they received a letter from Gardiner's counsel. Defendants admit that Thelen withdrew as counsel for e-Smart and IVI Smart on or about January 31, 2007 and denies the remainder of the allegations contained in paragraph 43.

44.    Defendants deny the allegations set forth in paragraph 44.

45.    Defendants deny the allegations set forth in paragraph 45, and further aver that any invoices Thelen prepared and sent in connection with the Gardiner litigation were sent to IVI Smart.

46.    Defendants deny Defendants deny the allegations set forth in paragraph 46.

47.    Defendants deny the allegations contained in paragraph 47, except that Defendants admit that Ritchie was the Client Manager for the legal services Thelen performed on behalf of Plaintiffs.

48.    Defendants deny the allegations contained in paragraph 48.

1920838v.1

49.    Defendants deny the allegations contained in paragraph 49.

## FIRST CAUSE OF ACTION
### Breach of Fiduciary Duty

50.    With respect to the allegations contained in paragraph 50, Defendants repeat and reallege the responses to paragraphs 1 through 49 as if fully set forth herein.

51.    Defendants neither admit nor deny the legal conclusions contained in paragraph 51, except that Thelen admits that it entered into a series of agreements with the various Plaintiffs that established an attorney-client relationship with that particular Plaintiff, *i.e.*, starting in January 2004, Plaintiff Biosensor engaged Thelen, in April 2004, Plaintiff e-Smart engaged Thelen and in August 2006, Plaintiff IVI Smart engaged Thelen.  To the extent any further response is required, Defendants deny the allegations contained in paragraph 51.

52.    Defendants neither admit nor deny the legal conclusions contained in paragraph 52.  To the extent a response is required, Defendants deny the allegations contained in paragraph 52.

53.    Defendants neither admit nor deny the legal conclusions contained in paragraph 53.  To the extent a response is required, Defendants deny the allegations contained in paragraph 53.

54.    Defendants neither admit nor deny the legal conclusions contained in paragraph 54.  To the extent a response is required, Defendants deny the allegations contained in paragraph 54.

## SECOND CAUSE OF ACTION
### Legal Malpractice

55.    With respect to the allegations contained in paragraph 55, Defendants repeat and reallege the responses to paragraphs 1 through 49 as if fully set forth herein.

1920838v.1

56.    Defendants neither admit nor deny the legal conclusions contained in paragraph 56. To the extent a response is required, Defendants deny the allegations contained in paragraph 56.

57.    Defendants neither admit nor deny the legal conclusions contained in paragraph 57. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Thelen employees may have told Plaintiffs.

58.    Defendants neither admit nor deny the legal conclusions contained in paragraph 58. To the extent a response is required, Defendants deny the allegations contained in paragraph 58.

59.    Defendants neither admit nor deny the legal conclusions contained in paragraph 59. To the extent a response is required, Defendants deny the allegations contained in paragraph 59.

60.    Defendants neither admit nor deny the legal conclusions contained in paragraph 60. To the extent a response is required, Defendants deny the allegations contained in paragraph 60.

## THIRD CAUSE OF ACTION
### Breach of Contract

61.    With respect to the allegations contained in paragraph 61, Defendants repeat and reallege the responses to paragraphs 1 through 49 as if fully set forth herein.

62.    Defendants neither admit nor deny the legal conclusions contained in paragraph 62. To the extent a response is required, Defendants admit that Plaintiffs and Thelen entered into a series of contracts, at different times creating an attorney-client relationship between Plaintiffs and Thelen, and deny the remainder of the allegations contained in paragraph 62.

8

63.     Defendants neither admit nor deny the legal conclusions contained in paragraph 63. To the extent a response is required, Defendants deny the allegations contained in paragraph 63.

64.     Defendants neither admit nor deny the legal conclusions contained in paragraph 64. To the extent a response is required, Defendants deny the allegations contained in paragraph 64.

65.     Defendants neither admit nor deny the legal conclusions contained in paragraph 65. To the extent a response is required, Defendants deny the allegations contained in paragraph 65.

66.     Defendants neither admit nor deny the legal conclusions contained in paragraph 66. To the extent a response is required, Defendants deny the allegations contained in paragraph 66.

67.     Defendants neither admit nor deny the legal conclusions contained in paragraph 67. To the extent a response is required, Defendants deny the allegations contained in paragraph 67.

## FOURTH CAUSE OF ACTION
### Aiding & Abetting Breaches of Fiduciary Duty and Contract

68.     With respect to the allegations contained in paragraph 68, Defendants repeat and reallege the responses to paragraphs 1 through 49 as if fully set forth herein.

69.     Thelen admits that it entered into a series of agreements with the various Plaintiffs that established an attorney-client relationship with that particular Plaintiff, *i.e.*, starting in January 2004, Plaintiff Biosensor engaged Thelen, in April 2004, Plaintiff e-Smart engaged Thelen and in August 2006, Plaintiff IVI Smart engaged Thelen, and that particular employees or partners of Thelen dealt directly with Saito.

9

70.     Defendants neither admit nor deny the legal conclusions contained in paragraph 70. To the extent a response is required, Defendants admit that they were aware that Saito served as an officer of one or more of the Plaintiffs.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Saito was a director of one or more of the plaintiffs and as to the  nondisclosure or noncompetition agreements referenced in paragraph 70.

71.     Defendants deny the allegations contained in paragraph 71.

72.     Defendants deny the allegations contained in paragraph 72.

73.     Defendants neither admit nor deny the legal conclusions contained in paragraph 73. To the extent a response is required, Defendants deny the allegations contained in paragraph 73.

74.     Defendants neither admit nor deny the legal conclusions contained in paragraph 74. To the extent a response is required, Defendants deny the allegations contained in paragraph 74.

75.     Defendants neither admit nor deny the legal conclusions contained in paragraph 75. To the extent a response is required, Defendants deny the allegations contained in paragraph 75.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each separate cause of action asserted therein fail to state a cause of action upon which relief can be granted.

1920838v.1

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' own conduct and/or the conduct of third parties caused or contributed to any alleged losses.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged losses.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs waived alleged conflicts of interest.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the relevant statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto* and/or unclean hands.

## COUNTERCLAIMS

Defendants, Thelen, by its attorneys, Patterson Belknap Webb & Tyler LLP, allege against Plaintiffs-Counterclaim Defendants e-Smart and IVI Smart the following:

### Jurisdiction

1.    This Court has supplemental jurisdiction over Thelen's state-law counterclaims under 28 U.S.C. § 1367 because Plaintiffs' claims arise under federal patent law and are therefore subject to exclusive federal jurisdiction under 28 U.S.C. § 1338.  The allegations in Plaintiffs' Complaint concern the same transactions and occurrences as those referenced in Thelen's counterclaims below.

1920838v.1

**The Parties**

2.      Thelen is a limited liability partnership engaged in the practice of law with offices in New York, California, Connecticut, New Jersey, the District of Columbia and overseas.

3.      Upon information and belief, Plaintiff and Counterclaim Defendant e-Smart is a Nevada corporation with its principal place of business located at 526 West 26th Street, New York, New York.

4.      Upon information and belief, Plaintiff and Counterclaim Defendant IVI Smart is a Delaware corporation and the parent of e-Smart.

## FIRST COUNTERCLAIM
### Breach of Contract against e-Smart

5.      Thelen and e-Smart entered into a contract in April 2004 whereby e-Smart retained Thelen to perform legal services.

6.      Thelen has fully performed its obligations under its agreement with e-Smart by performing legal services and payments to third parties related to patent prosecution work as agreed to by e-Smart.

7.      Thelen regularly rendered bills to e-Smart for said legal services.

8.      e-Smart has failed to pay Thelen approximately $60,000, or another amount to be proved at trial, that was due pursuant to the contract between Thelen and e-Smart, although Thelen has duly demanded the money.  e-Smart's conduct as described herein constitutes a material breach of its contractual obligations to Thelen.

9.      By reason of the foregoing, Thelen has been damaged in an amount not less than approximately $60,000, or another amount to be proved at trial.

12

## SECOND COUNTERCLAIM
### Breach of Contract against IVI Smart

10.    Thelen and IVI Smart entered into a contract in August 2006 whereby IVI Smart retained Thelen to perform legal services.

11.    Thelen has fully performed its obligations under its agreement with IVI Smart by performing legal services and payments to third parties related to patent prosecution work as agreed to by IVI Smart.

12.    Thelen regularly rendered bills to IVI Smart for said legal services.

13.    IVI Smart has failed to pay Thelen approximately $60,000, or another amount to be proved at trial, that was due pursuant to the contract between Thelen and IVI Smart, although Thelen has duly demanded the money. IVI Smart's conduct as described herein constitutes a material breach of its contractual obligations to Thelen.

14.    By reason of the foregoing, Thelen has been damaged in the amount of approximately $60,000, or another amount to be proved at trial.

## THIRD COUNTERCLAIM
### Account Stated against e-Smart

15.    Thelen hereby incorporates by reference Paragraphs 1 through 14 above as if set forth fully herein.

16.    e-Smart promised that it would pay for legal services provided by Thelen and payments to third parties related to patent prosecution work as the bills came due.

17.    Thelen kept accounts regarding what e-Smart owed, and e-Smart expressly and impliedly assented to those balances, paying bills from Thelen and not objecting to those bills as they came due.

1920838v.1

18.     Thelen has duly demanded that e-Smart pay its outstanding legal bills, but to this date, e-Smart has not paid those outstanding bills.

19.     By reason of the foregoing, Thelen has been damaged in the amount of approximately $60,000 or another amount to be proved at trial.

## FOURTH COUNTERCLAIM
### Account Stated against IVI Smart

20.     Thelen hereby incorporates by reference Paragraphs 1 through 19 above as if set forth fully herein.

21.     IVI Smart promised that it would pay for legal services provided by Thelen and payments to third parties related to patent prosecution work as the bills came due.

22.     Thelen kept accounts regarding what IVI Smart owed, and IVI Smart expressly and impliedly assented to those balances, paying bills from Thelen and not objecting to those bills as they came due.

23.     Thelen has duly demanded that IVI Smart pay its outstanding legal bills, but to this date, IVI Smart has not paid those outstanding bills.

24.     By reason of the foregoing, Thelen has been damaged in the amount of approximately $60,000, or another amount to be proved at trial.

## FIFTH COUNTERCLAIM
### Quantum Meruit against e-Smart

25.     Thelen hereby incorporates its allegations as set forth in Paragraphs 1 through 24 above as if set forth fully herein.

26.     Thelen performed legal services for the benefit of e-Smart in good faith, and at the specific request of e-Smart.

14

1920838v.1

27.    e-Smart accepted such legal services from Thelen on a continuous basis during the relevant time period.

28.    The legal services performed by Thelen and payments Thelen made to third parties related to patent prosecution work were reasonably worth approximately $60,000, or another amount to be proved at trial, and Thelen reasonably expected to receive payment for such services and payments.

29.    Despite Thelen's due demand that e-Smart pay its outstanding debt of approximately $60,000, or another amount to be proved at trial, e-Smart still owes this amount to Thelen.

30.    By reason of the foregoing, Thelen has been damaged in the amount of approximately $60,000, or another amount to be proved at trial.

## SIXTH COUNTERCLAIM
### Quantum Meruit against IVI Smart

31.    Thelen hereby incorporates its allegations as set forth in Paragraphs 1 through 31 above as if set forth fully herein.

32.    Thelen performed legal services for the benefit of IVI Smart in good faith, and at the specific request of IVI Smart.

33.    IVI Smart accepted such legal services from Thelen on a continuous basis during the relevant time period.

34.    The legal services performed by Thelen and payments Thelen made to third parties related to patent prosecution work were reasonably worth approximately $60,000, or another amount to be proved at trial, and Thelen reasonably expected to receive payment for such services and payments.

15

1920838v.1

35.    Despite Thelen's due demand that IVI Smart pay its outstanding debt of approximately $60,000, or another amount to be proved at trial, IVI Smart still owes this amount to Thelen.

36.    By reason of the foregoing, Thelen has been damaged in the amount of approximately $60,000, or another amount to be proved at trial.


WHEREFORE, Thelen prays for judgment on its counterclaims against Plaintiffs

A.    awarding them their damages on their counterclaims in an amount to be determined at trial, currently estimated at $120,000, plus interest at the maximum statutory rate;

B.    for an award of costs and reasonable attorneys fees; and

C.    for such other and further relief as the Court may deem just and proper.


Dated:        New York, New York
              July 31, 2008

                              PATTERSON BELKNAP WEBB & TYLER LLP

                              By: _____
                                  Philip R. Forlenza
                                  Michael J. Timmons

                              1133 Avenue of the Americas
                              New York, NY 10036
                              212-336-2000

                              Attorneys for Defendant-Counterclaimant Thelen
                              Reid Brown Raysman & Steiner LLP and Defendant
                              David B. Ritchie

1920838v.1

TO:

DREIER LLP

Joel Chernov
Brian Dunefsky
499 Park Avenue
New York, NY 10022
(212) 328-6130

Attorneys for Plaintiffs and
Counterclaim Defendants e-Smart and
IVI Smart

1920838v.1